**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEIK WYSDOM ALI EL, | : |
| | : Civil Action No. 09-6034 (AET) |
| Petitioner, | : |
| | : |
| v. | : **O P I N I O N** |
| | : |
| ATTORNEY GENERAL OF NJ, | : |
| | : |
| Respondent. | : |

**APPEARANCES:**

Sheik Wysdom Ali El, Pro Se
527874B
AKA Thomas Bigelow
Monmouth County Correctional Facility
1 Waterworks Road
Freehold, NJ 07728

Patricia B. Quelch, Esq.
Assistant Prosecutor
Monmouth County Prosecutor's Office
Freehold, NJ 07728-1789
Attorney for Respondent

**THOMPSON**, District Judge

Petitioner has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the following reasons, the petition must be dismissed as unexhausted.

## BACKGROUND

Petitioner was convicted of third-degree possession of a controlled dangerous substance, cocaine, in violation of New Jersey state laws. He was sentenced to two years probation,

fines, and penalties, and a six-month suspension of driving privileges. Petitioner appealed his conviction, and on April 8, 2010, the Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed his conviction. Petitioner has not filed a petition for certification to the New Jersey Supreme Court. Nor has he filed any post-conviction relief petitions.

On November 16, 2009, Petitioner filed this petition. He was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and Respondent was ordered to answer. On August 27, 2010, Respondent filed the answer and relevant state court record.

In his petition, Petitioner argues that he is a "Moorish American" and that the "state lacks personam jurisdiction," that Moors are not subject to the laws of the United States and that "the State refused to honor our sovereignty." (Petition, ¶ 12).

## ANALYSIS

### A. Pro Se Pleading

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

**B. Exhaustion**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective . . . ."[1] 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

[petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (requiring "state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.

See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be "substantial equivalent[s]" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

In this case, Petitioner's claims have not been presented to the state courts. While Petitioner appealed his conviction, he did not raise his claims on direct appeal before the New Jersey Supreme Court; nor did he file a PCR motion in the trial court. Therefore, the claims he seeks to present in this habeas petition are unexhausted.

The Court further notes that Petitioner's claims are without merit. Although Petitioner may be a Moorish-American, as present in the State of New Jersey, he must abide by the laws of the nation and the State. See, e.g., United States v. James, 328 F.3d 953, 954 (7th Cir. 2003)("Even if James were not a citizen of the United States (though he is, having been born here), he would be obliged to respect the laws of this nation."); see also Osiris v. Brown, 2006 WL 208566 (D.N.J. Jan. 24, 2006).

5

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition should be dismissed, for failure to exhaust.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

ANNE E. THOMPSON
United States District Judge

Dated: 3/4/11